UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:24-cv-561-WFJ-AEP

TAYLOR COLLINS,

    Plaintiff,

vs.

SKY CHEFS, INC., and
WONOLO INC.,

    Defendants.

_____/

## DEFENDANT WONOLO INC.'S
## ANSWER AND STATEMENT OF DEFENSES TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Wonolo Inc. ("Defendant Wonolo") by and through its undersigned counsel, hereby files its Answer to each consecutively numbered paragraph of the First Amended Complaint ("FAC") of Plaintiff Taylor Collins ("Plaintiff") as follows:

### NATURE OF ACTION

1. Defendant Wonolo admits that Plaintiff purports to bring this as an action for alleged violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. §760.10, *et seq.* and Florida's Private Whistleblower Act, Fla. Stat., §448.102. Defendant Wonolo denies it violated the FCRA or any other law,

and further denies that Plaintiff is entitled to damages or any other relief in this action.

## JURISDICTION AND VENUE

2. Defendant Wonolo admits the allegations contained in Paragraph 2 of the FAC.

3. Defendant Wonolo admits the allegations contained in Paragraph 3 of the FAC, upon information and belief.

4. Defendant Wonolo admits the allegations contained in Paragraph 4 of the FAC, upon information and belief.

5. Defendant Wonolo admits the allegations contained in Paragraph 5 of the FAC.

6. Defendant Wonolo admits the allegations contained in Paragraph 6 of the FAC, upon information and belief.

## PARTIES

7. Defendant Wonolo admits that Plaintiff has represented herself as a woman. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the FAC and therefore, denies those remaining allegations on this basis.

8. Paragraph 8 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

9. Defendant Wonolo admits the allegations contained in Paragraph 9 of the FAC, upon information and belief.

10. Paragraph 10 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

11. Paragraph 11 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

12. Defendant Wonolo admits the allegations contained in Paragraph 12 of the FAC.

13. Paragraph 13 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

14. Paragraph 14 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

## ADMINISTRATIVE PREREQUISITES

15. Defendant Wonolo admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), but Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Charge was "timely" filed or that it was dually filed with the Florida Commission on Human Relations.

16. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC and therefore, denies the allegations on this basis.

17. Paragraph 17 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

## FACTUAL ALLEGATIONS

18. Defendant Wonolo denies the allegations contained in Paragraph 18 of the FAC, except Defendant Wonolo admits that Plaintiff entered into an independent contractor relationship with Defendant Wonolo in September 2020.

19. Defendant Wonolo denies the allegations contained in Paragraph 19 of the FAC.

20. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC, and therefore, denies the allegations on this basis.

21. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC and therefore, denies the allegations on this basis.

22. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the FAC and therefore, denies the allegations on this basis.

23. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the FAC and therefore, denies the allegations on this basis.

24. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the FAC, and therefore, denies the allegations on this basis.

25. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC, and therefore, denies the allegations on this basis.

26. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC, and therefore, denies the allegations on this basis.

27. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the FAC, and therefore, denies the allegations on this basis.

28. Defendant Wonolo admits that Plaintiff was free to accept jobs posted on the Wonolo platform by Defendant Sky Chefs and that she had a second Wonolo account. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the FAC, and therefore, denies these allegations on this basis.

29. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC, and therefore, denies the allegations on this basis.

30. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC, and therefore, denies the allegations on this basis.

31. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC, and therefore, denies the allegations on this basis.

32. Defendant Wonolo denies the allegations contained in Paragraph 32 of the FAC, except Defendant Wonolo admits that, on December 18, 2021, Plaintiff communicated to Defendant Wonolo that she believed Defendant Sky Chefs canceled a certain number of her jobs.

33. Defendant Wonolo denies the allegations contained in Paragraph 33 of the FAC.

34. Defendant Wonolo denies the allegations contained in Paragraph 34 of the FAC that pertain to Defendant Wonolo. Defendant Wonolo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the FAC, and therefore, denies the allegations on this basis.

35. Defendant Wonolo denies the allegations contained in Paragraph 35 of the FAC, except Defendant Wonolo admits that an EEOC mediation took place in or around March 2022 and that the matter was not resolved.

**COUNT I – FLORIDA CIVIL RIGHTS ACT – SEXUAL HARASSMENT**
**(Defendant Sky Chefs)**

Count I solely pertains to a claim Plaintiff is making against Defendant Sky Chefs. As a result, Defendant Wonolo avers that no response is required of it

with respect to this Count. To the extent that a response is required, Defendant Wonolo denies all allegations set forth in Count I, including paragraphs 36-44 of the FAC.

## COUNT II – FLORIDA CIVIL RIGHTS ACT – RETALIATION (Defendant Sky Chefs)

Count II solely pertains to a claim Plaintiff is making against Defendant Sky Chefs. As a result, Defendant Wonolo avers that no response is required of it with respect to this Count. To the extent that a response is required, Defendant Wonolo denies all allegations set forth in Count II, including paragraphs 45-52 of the FAC.

## COUNT III – FLORIDA CIVIL RIGHTS ACT – RETALIATION (Defendant Wonolo)

53. Defendant Wonolo reaffirms and re-alleges its answers to Paragraphs numbered 1-35 as if stated herein in full.

54. Paragraph 54 of the FAC solely contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo admits the Plaintiff has represented herself as a female.

55. Paragraph 55 of the FAC contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

56. Paragraph 56 of the FAC contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

57. Paragraph 57 of the FAC contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

58. Paragraph 58 of the FAC contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

59. Paragraph 59 of the FAC contains legal conclusions to which no response is required. To the extent that a response is required, Defendant Wonolo denies the allegations contained in this Paragraph.

Defendant Wonolo denies that Plaintiff is entitled to any of the relief requested in the ad damnum clause of Count III of the FAC.

### COUNT IV – VIOLATION OF FLORIDA PRIVATE SECTOR WHISTLEBLOWER STATUTE, F.S. §448.102(3) (Defendant SkyChefs)

Count IV solely pertains to a claim Plaintiff is making against Defendant SkyChefs. As a result, Defendant Wonolo avers that no response is required of it with respect to this Count. To the extent that a response is required, Defendant Wonolo denies all allegations set forth in Count IV, including paragraphs 60-66 of the FAC.

## **DEMAND FOR JURY TRIAL**

Defendant Wonolo admits that Plaintiff demands a trial by jury for all issues so triable.

## **STATEMENT OF DEFENSES**

As separate defenses and without conceding Defendant Wonolo bears the burden of proof or persuasion as to any of them, Defendant Wonolo alleges as follows:

1. The FAC should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. This action is barred because each of Plaintiff's claims are subject to mandatory and final arbitration.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's FCRA claim against Defendant Wonolo fails because Plaintiff was never employed by Defendant Wonolo and never performed any services for or on behalf of Defendant Wonolo.

5. Any injuries or damages allegedly sustained by Plaintiff were solely the result of the actions or inactions by Plaintiff, co-Defendants, and/or other non-parties, and Defendant Wonolo did not have any control over any of them.

6. Plaintiff's FCRA claim against Defendant Wonolo is barred, in whole or in part, to the extent that she failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit.

7. Plaintiff's FCRA claim against Defendant Wonolo is barred, in whole or in part, to the extent that it exceeds the scope of her Charge of Discrimination.

8. Plaintiff's FCRA claim against Defendant Wonolo may be barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and/or waiver.

9. Plaintiff's FCRA claim against Defendant Wonolo is barred to the extent that, if any employee of Defendant Wonolo acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant Wonolo's consent, knowledge or ratification.

10. Plaintiff's FCRA claim against Defendant Wonolo and/or Plaintiff's claim for damages against Defendant Wonolo are barred on the grounds that no alleged action taken against Plaintiff by Defendant Wonolo constitutes an adverse employment action.

11. Plaintiff's FCRA claim against Defendant Wonolo and/or Plaintiff's claim for damages against Defendant Wonolo are barred on the grounds that,

even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, which it was not, Defendant Wonolo would have reached the same decision, absent any alleged retaliation.

12. To the extent it is discovered that Plaintiff engaged in conduct in violation of Defendant Wonolo's Terms of Use, or other conduct that would have resulted in the termination of her contractual relationship with Defendant Wonolo, and/or would have precluded her from engaging further with Defendant Wonolo or Defendant Sky Chefs, Plaintiff is subject to the after-acquired evidence doctrine and limited in her recovery of remedies.

13. Even taking Plaintiff's allegations as true, which Defendant Wonolo does not concede, there is no compensable damage to Plaintiff arising from the alleged incident.

14. Plaintiff's claim for damages against Defendant Wonolo may be barred, in whole or in part, to the extent that she failed to reasonably mitigate her damages. Defendant Wonolo is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that she did or could have earned through reasonable efforts.

15. To the extent that Plaintiff seeks an award of punitive damages, such damages are barred based on Defendant Wonolo's good faith efforts to comply with the law.

Defendant Wonolo reserves the right to amend or add any additional defenses that may become known during the course of the discovery.

**WHEREFORE** Defendant Wonolo respectfully requests that this Court: (a) dismiss Count III of Plaintiff's FAC with prejudice; (b) deny Plaintiff's demands as to Count III and prayer for relief; and (c) grant such other and further relief as the Court deems just and proper.

DATED this 21st day of March 2024.

                                              Respectfully submitted,

                                              **LITTLER MENDELSON, P.C.**
                                              Wells Fargo Center
                                              333 S.E. 2nd Avenue, Suite 2700
                                              Miami, Florida 33131
                                              Tel: (305) 400-7500

                                              By: */s/ Aaron Reed*
                                                      Aaron Reed
                                                      Florida Bar No. 557153
                                                      E-mail: *areed@littler.com*

                                              Counsel for Defendant Wonolo Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of March 2024, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/Aaron Reed*
Aaron Reed

**SERVICE LIST**

**Counsel for Plaintiff:**
Deron T. Roberson, Jr.
E-mail: *d.roberson@robersonemploymentlaw.com*
Aaron C. Roberson
E-mail: *a.roberson@robersonemploymentlaw.com*
**ROBERSON & ROBERSON, P.A.**
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33647
*Served via CM/ECF*


**Counsel for Defendant Sky Chefs, Inc.:**
Sarah J. Kuehnel
E-mail: *sarah.kuehnel@ogletree.com*
Stephani C. Generotti
E-mail: *stephanie.generotti@ogletree.com*
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
*Served via CM/ECF*

4881-9443-7807.1